IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CR-120-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RUDOLPH DEANDRE DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

On May 9, 2012, pursuant to a written plea agreement, Rudolph Deandre Davis ("Davis")

pleaded guilty to possession with the intent to distribute 28 grams or more of cocaine base (crack).

See [D.E. 1, 25, 27]. On August 9, 2012, the court held Davis's sentencing hearing. See [D.E. 32,

33]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report

("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Davis's total offense level to

be 29, his criminal history category to be IV, and his advisory guideline range to be 121 to 151

months' imprisonment. See Resentencing Report. After granting the government's motion under

U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the

court sentenced Davis to 108 months' imprisonment. See id.; [D.E. 33]. Davis did not appeal.

On April 17, 2015, Davis moved for a sentence reduction under 18 U.S.C. § 3582(c)(2),

U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 37]. On September 10, 2015, Davis filed a

memorandum of law in support of his motion for a sentence reduction [D.E. 38]. Davis's new

advisory guideline range is 100 to 125 months' imprisonment, based on a total offense level of 27

and a criminal history category of IV. See Resentencing Report. Davis requests an 89-month

sentence. See id.; [D.E. 38] 1, 8.

The court has discretion to reduce Davis's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Davis's sentence, the court finds that Davis engaged in serious criminal behavior. See PSR [D.E. 30] ¶¶ 6–10. Moreover, Davis is a violent recidivist and has convictions for financial card fraud, simple possession of a schedule VI controlled substance, breaking and entering, grand larceny, discharge a firearm within a dwelling, abduction, felony use of a firearm, display of a firearm while committing a felony (breaking and entering), possession with intent to sell and deliver cocaine, and possession of stolen goods or property. See id. ¶¶ 12–18. Davis also has a spotty work history. See id. ¶¶ 37–42. Nonetheless, Davis has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Davis received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Davis's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Davis's motion for reduction of sentence under Amendment 782. See, e.g., Patterson,

671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Davis's motion for reduction of sentence [D.E. 37].

SO ORDERED. This 25 day of April 2018.

JAMES C. DEVER III
Chief United States District Judge